IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LEWIS MEINTZER,

        Plaintiff,

vs.                                                          No. CIV 98-133 MV/LFG

NEW MEXICO STATE POLICE,
DAVID S. GOMEZ, JOHN D. SIDES,
NEW MEXICO DIVISION OF MOTOR
VEHICLES, ROBERTA WARD, and
JANE DOE,

        Defendants.

**<u>MEMORANDUM OPINION AND ORDER</u>**

THIS MATTER is before the Court on Defendant David S. Gomez's Motion to Dismiss, filed February 27, 1998 **[Doc. No. 3]**, Defendants New Mexico State Police, John D. Sides, and New Mexico Division of Motor Vehicles' Motion to Dismiss, filed March 9, 1998 **[Doc. No. 4]**, Defendant Roberta Ward's Motion to Dismiss, filed March 17, 1998 **[Doc. No. 6]**, and Plaintiff's Motion for Leave to Amend, filed April 7, 1998 **[Doc. No. 13]**. The Court, having reviewed the pleadings, relevant law, and being otherwise fully informed, finds that the motions are well taken and will be **granted in part**.

**Background**

In this civil rights action, Mr. Meintzer explains that on February 13, 1996 he approached Defendant Ward at the Los Lunas office of the New Mexico Motor Vehicle Division for the purpose of inquiring on what steps he needed to take to transfer title of his 1993 Ford pickup truck to a third party. When Ms. Ward requested to see his documentation, he presented a bill of sale, a buyer's

sheet, and a color copy of a document entitled "Certificate of Origin for a Vehicle." Ms. Ward apparently called in Officer Gomez, who arrived in short order and arrested Mr. Meintzer. Mr. Gomez then called in Defendant Sides, special agent for the New Mexico State Police, and both officers transported Mr. Meintzer to the Valencia County Jail, where he was detained for approximately 31 hours. The day after Mr. Meintzer's release from jail, Mr. Gomez filed a criminal complaint charging him with forgery and altering with fraudulent intent evidence of title and registration, in violation of N.M. Stat. Ann. §§ 30-16-10 and 66-8-3(A, D) (Michie 1997).[1] In an effort to obtain the return of his documents, that same day Mr. Meintzer went to Mr. Sides' office and presented him with the original certificate of origin, purportedly to show that no alteration had taken place, and suggesting that Mr. Sides call the selling dealer to confirm Mr. Meintzer's status as legitimate buyer. Mr. Sides seized the original certificate. Mr. Meintzer hired an attorney to secure the return of his documents, and on May 7, 1996 the district attorney declined to prosecute. After Mr. Meintzer made several unsuccessful attempts to obtain his documents, the Magistrate Court of the County of Valencia on January 9, 1997 ordered the New Mexico State Police to release all the evidence it had gathered in the case. Mr. Sides informed Mr. Meintzer, however, that he could not locate the documents in question.

Mr. Meintzer charges that in addition to being wrongfully arrested and detained, he was

---

[1] New Mexico defines forgery as:
    A. falsely making or altering any signature to, or any part of, any writing purporting to have any legal efficacy with intent to injure or defraud, or
    B. knowingly issuing or transferring a forged writing with intent to injure or defraud.
False evidences of title and registration is
    A. [altering] with fraudulent intent any certificate of title, registration evidence, registration plate, validating sticker or permit issued by the division;
    D. to hold or use any such document or plate, knowing the same to have been so altered, forged, or falsified.

deprived of the opportunity to convey his truck by the wrongful retention of title documents, and incurred legal fees in undertaking his defense and his efforts at recovering his property. Mr. Meintzer seeks compensatory and punitive damages.

Defendants at this juncture raise Eleventh Amendment defenses, and partially oppose the amendment of Mr. Meintzer's complaint on the grounds of futility. The Court finds that Defendants' arguments have merit.

## Discussion

All Defendants move to dismiss on the basis of Eleventh Amendment immunity. The New Mexico State Police and the Division of Motor Vehicles contend that as arms of the state, they are immune from suit in federal court absent consent or abrogation of this immunity, while Ms. Ward, Mr. Gomez, and Mr. Siles argue that Mr. Meintzer has only sued them in their official capacity, which under Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989) is the functional equivalent of a suit against the state itself. The Court partially agrees.

In answer Mr. Meintzer claims that both state defendants are indispensable parties and face potential liability under a respondeat superior theory. Mr. Meintzer is in error on two counts. Respondeat superior is not available in a 1983 action, Pietrowski v. Town of Dibble, 134 F.3d 1006, 1009 (10th Cir. 1998), and the state entities are shielded by Eleventh Amendment immunity. Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100-02 (1984). The Court must dismiss, therefore, the state entities from this litigation, and the individual defendants to the extent Mr. Meintzer is alleging that they acted in their official capacity. Because the individual Defendants concede in their response to Mr. Meintzer's motion to amend that they are amenable to suit in their individual capacities, however, the Court will not dismiss them entirely from this action.

In his motion to amend, Mr. Meintzer seeks to change his complaint to reflect that he is suing Mr. Gomez, Mr. Sides, and Ms. Ward in their individual capacities. Mr. Meintzer also seeks to add a paragraph clothing the state entities with purported municipal liability. The Court will allow only a partial amendment of Mr. Meintzer's complaint. The New Mexico State Police and the Division of Motor Vehicles are not municipalities, but arms of the state. Mr. Meintzer can not seriously contend otherwise. See, e.g., Will, 491 U.S. 58. Consequently, although consent to amend should be freely given when justice so requires, Fed. R. Civ. P. 15, a court need not consent to the proposed amendment when such amendment would be futile. Grossman v. Novell, Inc., 120 F.3d 1112, 1126 (10th Cir. 1997).

**THEREFORE,**

**IT IS HEREBY ORDERED,** that Defendant David S. Gomez's Motion to Dismiss, filed February 27, 1998 **[Doc. No. 3]**, Defendants New Mexico State Police, John D. Sides, and New Mexico Division of Motor Vehicles' Motion to Dismiss, filed March 9, 1998 **[Doc. No. 4]**, Defendant Roberta Ward's Motion to Dismiss, filed March 17, 1998 **[Doc. No. 6]**, and Plaintiff's Motion for Leave to Amend, filed April 7, 1998 **[Doc. No. 13]** be, and hereby are, **granted in part**.

**IT IS FURTHER ORDERED** that Defendants New Mexico State Police and Division of Motor Vehicles be, and hereby are, **dismissed** from this case, and that all individual defendants, to the extent they are being sued in their official capacities, be, and hereby are, **dismissed** from this case. Plaintiff Lewis Meintzer may only proceed against these defendants in their individual capacities.

**IT IS FURTHER ORDERED** that Plaintiff submit a new amended complaint, striking his allegation of municipal liability against the State Defendants and any mention of the State Defendants altogether, for the Court's consideration no later than 30 days after the filing of this order.

**IT IS FURTHER ORDERED** that Plaintiff's Answer to Defendants' Reply, filed April 7, 1998 **[Doc. No. 14]** be, and hereby is, **stricken from the record**. Plaintiff has not sought leave to file this supplemental pleading, and as the non-moving party is not ordinarily entitled to respond to a reply.

                                                              */s/ Martha Vázquez*
                                               MARTHA VÁZQUEZ
                                               UNITED STATES DISTRICT JUDGE

June 11, 1998

| Plaintiff Pro Se | Counsel for Defendants |
|---|---|
| Lewis Meintzer<br>PO Box 569<br>Hayfork, CA 96041<br>(530) 628-4778 | Barbara Pryor, Esq.<br>Wilson & Pryor<br>6707 Academy Road, NE<br>Albuquerque, NM 87109<br>(505) 857-0001<br>Fax: 857-0001 |